IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

```
U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

JAN 2 6 2010

CLERK, U.S. DISTRICT COURT
By _____
            Deputy
```

| | | |
|---|---|---|
| JERRY DYER | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-08-CV-1407-BD |
| | § | |
| MICHAEL J. ASTRUE, | § | |
| Commissioner of Social Security | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Jerry Dyer seeks judicial review of a final adverse decision of the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g). For the reasons stated herein, the hearing decision is reversed.

### I.

Plaintiff alleges that he is disabled due to a variety of ailments, including hepatitis C, chronic pancreatitis, diabetes mellitus, neuropathy and pain in his extremities, depression, and anxiety. After his applications for disability and supplemental security income ("SSI") benefits were denied initially and on reconsideration, plaintiff requested a hearing before an administrative law judge. An initial hearing was held on February 8, 2007, with supplemental hearings conducted on June 25, 2007, August 21, 2007, and December 19, 2007. At the time of the last hearing, plaintiff was 50 years old. He is a high school graduate and has past work experience as a custom cabinet maker and a custom products supervisor. Plaintiff has not engaged in substantial gainful activity since September 14, 2002.

The ALJ found that plaintiff was not disabled and therefore not entitled to disability or SSI benefits. Although the medical evidence established that plaintiff suffered from hepatitis C, diabetes mellitus, pancreatitis, alcoholism, depression, and anxiety, the judge concluded that the severity of those impairments precluded plaintiff from performing work at any exertional level only when he was using alcohol. If plaintiff stopped drinking, the ALJ determined that plaintiff would have the residual functional capacity to perform a limited range of light work, but could not return to his past relevant employment. Relying on the testimony of a vocational expert and assuming the absence of alcohol abuse, the judge found that plaintiff was capable of working in light assembly, plumbing assembly, and bench assembly -- jobs that exist in significant numbers in the national economy. Plaintiff appealed that decision to the Appeals Council. The Council affirmed. Plaintiff then filed this action in federal district court.

## II.

In two grounds for relief, plaintiff contends that: (1) the finding that alcoholism was a contributing factor material to his disability is not supported by substantial evidence and is inconsistent with applicable legal standards; and (2) the resulting residual functional capacity determination is not supported by substantial evidence.

## A.

Judicial review in social security cases is limited to determining whether the Commissioner's decision is supported by substantial evidence and whether the proper legal standards were used to evaluate the evidence. *See* 42 U.S.C. § 405(g); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971); *Austin v. Shalala*, 994 F.2d 1170, 1174 (5th Cir. 1993). It is more than a

scintilla but less than a preponderance. *Richardson*, 91 S.Ct. at 1427. The district court may not reweigh the evidence or substitute its judgment for that of the Commissioner, but must scrutinize the entire record to ascertain whether substantial evidence supports the hearing decision. *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988).

A disabled worker is entitled to monthly social security benefits if certain conditions are met. 42 U.S.C. § 423(a). The Act defines "disability" as the inability to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or last for a continued period of 12 months. *Id.* § 423(d)(1)(A); *Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985). The Commissioner has promulgated a five-step sequential evaluation process that must be followed in making a disability determination:

1. The hearing officer must first ascertain whether the claimant is engaged in substantial gainful activity. A claimant who is working is not disabled regardless of the medical findings.

2. The hearing officer must then determine whether the claimed impairment is "severe." A "severe impairment" must significantly limit the claimant's physical or mental ability to do basic work activities. This determination must be made solely on the basis of the medical evidence.

3. The hearing officer must then determine if the impairment meets or equals in severity certain impairments described in Appendix 1 of the regulations. This determination is made using only medical evidence.

4. If the claimant has a "severe impairment" covered by the regulations, the hearing officer must determine whether the claimant can perform his past work despite any limitations.

5. If the claimant does not have the residual functional capacity to perform past work, the hearing officer must decide whether the claimant can perform any other gainful and substantial work in the economy. This determination is made on the basis of the claimant's age, education, work experience, and residual functional capacity.

*See generally*, 20 C.F.R. § 404.1520(b)-(f). The claimant has the initial burden of establishing a disability in the first four steps of this analysis. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S.Ct. 2287, 2294 n.5, 96 L.Ed.2d 119 (1987). The burden then shifts to the Commissioner to show that the claimant is capable of performing work in the national economy. *Id.* A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

In reviewing the propriety of a decision that a claimant is not disabled, the court's function is to ascertain whether the record as a whole contains substantial evidence to support the Commissioner's final decision. The court weighs four elements to determine whether there is substantial evidence of disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) subjective evidence of pain and disability; and (4) the claimant's age, education, and work history. *Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995), *citing Wren v. Sullivan*, 925 F.2d 123, 126 (5th Cir. 1991). The ALJ has a duty to fully and fairly develop the facts relating to a claim for disability benefits. *Ripley*, 67 F.3d at 557. If the ALJ does not satisfy this duty, the resulting decision is not substantially justified. *Id.* However, procedural perfection is not required. The court will reverse an administrative ruling only if the claimant shows that his substantive rights were prejudiced. *Smith v. Chater*, 962 F.Supp. 980, 984 (N.D. Tex. 1997).

B.

Plaintiff challenges the finding that alcoholism was a contributing factor material to his disability. (*See* Tr. at 29). In 1996, Congress passed the Contract with America Advancement Act ("CAAA"), Pub.L. No. 104-121, 110 Stat. 847 (1996), which provides, in pertinent part:

> [A]n individual shall not be considered to be disabled for purposes of this subchapter if alcoholism or drug addiction would (but for this

subparagraph) be a contributing factor material to the Commissioner's determination that the individual is disabled.

42 U.S.C. § 1382c(a)(3)(J). Under regulations implementing this legislation, the Commissioner must ascertain whether drug or alcohol addiction is "a contributing factor material to the determination of disability." 20 C.F.R. § 404.1535(a). The key factor in making this determination "is whether we would still find you disabled if you stopped using drugs or alcohol." *Id.* § 404.1535(b)(1). If a claimant's remaining limitations would not be disabling, drug addiction or alcoholism is considered to be "a contributing factor material to the determination of disability." *Id.* § 404.1535(b)(2)(i). The claimant bears the burden of proving that his or her remaining limitations are disabling independent of drug or alcohol abuse. *See Brown v. Apfel*, 192 F.3d 492, 498 (5th Cir. 1999).

Here, the judge failed to identify any medical evidence to support his conclusion that plaintiff would not be disabled if he stopped drinking. *See Oettinger v. Barnhart*, No. SA-01-CA-0801-OG, 2002 WL 31422308 at *6 (W.D. Tex. Sept. 4, 2002) (medical evidence must support determination that alcoholism is material); *Sklenar v. Barnhart*, 195 F.Supp.2d 696, 700 (W.D. Pa. 2002) (same). Nor does the court's independent review of the administrative record reveal any such evidence. To the contrary, the medical evidence shows that plaintiff suffers from a variety of mental and physical impairments that may have multiple causes, and suggests that the cessation of alcohol use would have no effect on the symptoms and limitations resulting from those impairments. (*See* Tr. at 795-97, 798). In particular, plaintiff suffers from peripheral neuropathy secondary to diabetes which causes pain and affects his ability to perform work activities. (*Id.* at 796, 797). When asked at one of the administrative hearings whether alcohol would be material in this case, Dr. Sterling Moore, a medical expert, responded:

> I think it would be back in '02. I'm not sure since then. If the alcohol were material in producing some of the peripheral neuropathy, I think it's well enough established that probably if he did not stop drinking, or if he did completely stop drinking, it would not change. And there's not going to be any way of sorting out whether the neuropathy is due completely to one or the other. I suspect it's a mixture, but it would appear that it's of mild to moderate severity and *I think stopping alcohol or avoiding, absent alcohol from the point of time that I'm talking about, I don't think it [would] be material.*

(*See id.* at 798) (emphasis added).  Stated differently, Dr. Moore believes that plaintiff would experience mild to moderately severe symptoms due to neuropathy whether he stopped drinking or not.

In an attempt to support the hearing decision, the Commissioner points to evidence that plaintiff was not considered a candidate for hepatitis C treatment because of his alcoholism. (*See id.* at 408).  However, there is no indication that plaintiff would not be otherwise disabled if he received treatment for hepatitis C.  The Commissioner also argues that plaintiff's alcoholism caused gastritis that resulted in multiple hospitalizations in 2002. (*See id.* at 161-63, 186-87, 198-99, 210-11).  Even if the court accepts that plaintiff's alcoholism caused gastritis, there simply is no medical evidence that any of the disabling limitations found by the ALJ to preclude all work activity are significantly alleviated when plaintiff stops using alcohol.  Any lay conclusion the judge may have drawn from the medical records is insufficient to support his materiality determination. *See Brown,* 192 F.3d at 499 (evidence suggesting that plaintiff's depression may be exacerbated by drugs and alcohol is not sufficient to imply that cessation of drug and alcohol use would abate depression).

Nor did the ALJ explain which of plaintiff's various limitations would remain if he stopped using alcohol. *See Cravin v. Astrue,* No. 5-07-CV-222-C, 2008 WL 2923867 at *3 (N.D. Tex. Jul. 30, 2008) (noting that the regulations require the ALJ to evaluate which physical and mental limitations would remain if claimant stopped using drugs or alcohol, and then determine whether the

remaining limitations would be disabling).  Specifically, the judge failed to identify the mental limitations that prevented plaintiff from working due to his alcoholism, and noted the same physical limitations regardless of alcohol use.  (*Compare* Tr. at 25, 26).  A remand is required to clarify this issue.  *See Sklenar*, 195 F.Supp.2d at 702; *Warren v. Barnhart*, No. 03-3109, 2005 WL 1491012 at *12-13 (E.D. Pa. Jun. 22, 2005).

## **CONCLUSION**

The hearing decision is reversed and this case is remanded to the Commissioner of Social Security for further proceedings consistent with this opinion.[1]

SO ORDERED.

DATED:  January 26, 2010.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE

---

[1] By remanding this case for further administrative proceedings, the court does not suggest that plaintiff is or should be found disabled.